MWG:CM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CASSIE WILLIAMS, also known as
DEANTE WILLIAMS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

26-MJ-190

COMPLAINT

(18 U.S.C. § 2252(a)(4)(B))

EASTERN DISTRICT OF NEW YORK, SS:

JULIA STELLIN, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about October 14, 2026, within the Eastern District of New York and elsewhere, the defendant CASSIE WILLIAMS, also known as DEANTE WILLIAMS, did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: digital videos stored on one cellular telephone, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Section 2252(a)(4)(B))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving criminal violations relating to the sexual exploitation of children, including the illegal production, distribution, transportation, receipt, and possession of child pornography, also referred to as child sexual abuse material ("CSAM").[2] I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. On or about October 14, 2026, at approximately 9:30 a.m., law enforcement agents went to the residence of the defendant CASSIE WILLIAMS, also known as DEANTE WILLIAMS, in Brooklyn, New York, based on information indicating that a child might be in danger at the residence. WILLIAMS was detained at the scene.

3. Following WILLIAMS's detention at the scene, law enforcement agents advised WILLIAMS of her Miranda rights, after which WILLIAMS waived her rights and agreed to speak with law enforcement agents.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The term "child pornography" is defined as set forth in 18 U.S.C. § 2256(8), which, in pertinent part, states that "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. . . ." 18 U.S.C. § 2256(8); see Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (analyzing constitutional validity of the definitions set forth in 18 U.S.C. § 2256(8)).

4. During the interview, WILLIAMS admitted, in sum and substance, that she had produced a video depicting a child later identified as Minor Victim 1 ("Video-1") and distributed it to one or more other persons by text message. WILLIAMS further stated, in sum and substance, that Minor Victim 1 is a child who lives in another unit of her apartment building.

5. During the same interview, WILLIAMS also admitted that she had solicited others to come to her residence to sexually abuse one or more children.

6. WILLIAMS consented to a search of one of her two cell phones in her presence (the "Phone"). Based on WILLIAMS's consent, law enforcement agents searched the Phone and identified apparent CSAM, including Video-1.

7. I have reviewed Video-1. Video-1 depicts a young female child with a distinctive hairstyle and shirt, later identified as Minor Victim 1, lying face down on a couch with her buttocks exposed. The hand of an adult Black person then further lowers Minor Victim 1's pants, and the camera focuses on Minor Victim 1's exposed buttocks. Based on my personal observation of WILLIAMS, WILLIAMS is a Black adult with hands that appear consistent with the adult hand in the Video. A distinctive pillow and couch are also visible in the Video.

8. During WILLIAMS's arrest, law enforcement officers observed, in plain view at her residence, a couch and pillow matching the distinctive couch and pillow depicted in Video-1.

9. During my review of the Phone, I also viewed three videos depicting CSAM ("Video-2," "Video-3," and "Video-4"). Video-2 depicts an adult man performing oral sex on a young child ("Minor Victim 2"). Minor Victim 2 appears to be a prepubescent female child of approximately four years of age. Video-3 depicts the same adult man placing his penis on the vagina of Minor Victim 2. During the interview of WILLIAMS, WILLIAMS indicated,

in sum and substance, that the man depicted in Video-2 and Video-3 is known to her and sent her Video-2 and Video-3. WILLIAMS indicated Minor Victim 2 is the man's daughter. Video-4 depicts a prepubescent female child of approximately six years of age kneeling on a bed and masturbating.

10. On or about October 14, 2026, law enforcement agents spoke with a resident of another unit in the same building as WILLIAMS's residence, who was believed to be the mother of Minor Victim 1 (the "Mother"). Officers showed the Mother a screenshot of Video-1. Based on the distinctive hairstyle and shirt depicted in the screenshot, the Mother identified the child in Video-1 as Minor Victim 1, who is her three-year-old daughter.

11. The Mother stated, in substance and in relevant part, that Minor Victim 1 and Minor Victim 1's six-year-old cousin had stayed overnight with WILLIAMS in or about August 2026. The Mother further advised, in sum and substance, that Minor Victim 1's appearance in Video-1 was consistent with Video-1 having been made in or about August 2026, because Minor Victim 1's hairstyle has since changed.

WHEREFORE, your deponent respectfully requests that the defendant CASSIE WILLIAMS, also known as DEANTE WILLIAMS, be dealt with according to law.

JULIA STELLIN
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
15 day of October, 2026

S/ Seth Eichenholtz

THE HONORABLE SETH D. EICHENHOLTZ
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK